

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00168-CR
_____

BRODERICK WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Yoakum County, Texas
Trial Court No. 3502, Honorable Kelly G. Moore, Presiding

July 14, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

After Appellant, Broderick Williams, was convicted by a jury of cruelty to a livestock animal and sentenced to a suspended sentence of eighteen months of confinement with four years community supervision with conditions,[1] he brought this appeal. The record reflects that in April 2019, a witness reported seeing Appellant strike a cow on the hip with a machete. Appellant acknowledged he had a machete, but denied intending to harm the

---

[1] *See* TEX. PENAL CODE ANN. § 42.09(a)(1), (c) (a state jail felony).

cow. The witness testified seeing Appellant unsuccessfully swing the machete at two other cows before hitting the third.

Appellant's counsel filed an *Anders* brief[2] in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). By letter dated February 17, 2023, Appellant's counsel provided Appellant with his motion to withdraw, a copy of his *Anders* brief, a copy of the appellate record and informed Appellant of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. On March 22, 2023, Appellant filed his pro se response.

We have carefully reviewed counsel's *Anders* brief and Appellant's pro se response. We have also conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

(Tex. Crim. App. 1969).  Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

Lawrence M. Doss
Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.